IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**
OCT 08 2025
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| **Luis Ruvalcaba,**<br>Reg. No. 66226-112,<br>FCI McKean,<br>Petitioner,<br><br>v.<br><br>**Warden, FCI McKean,**<br>Respondents. | Case No. 1:25-CV-302 |

#3
ISBI
Fee Pd

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### I. Introduction

Petitioner, **Luis Ruvalcaba**, is presently incarcerated at FCI McKean, where he is being unlawfully confined beyond the date authorized by Congress. Although he was sentenced to a term of sixty (60) months' imprisonment, Congress has mandated that earned time credits under the First Step Act ("FSA") be applied toward prerelease custody or supervised release for eligible prisoners. See 18 U.S.C. §§ 3632(d)(4), 3624(g). Petitioner has consistently participated in and completed programming that qualifies for these credits, and by statute has accrued more than twenty-five (25) months of FSA credit.

Rather than applying these credits prospectively and in combination with his Good Conduct Time and Second Chance Act eligibility—as Congress directed—the Bureau of Prisons ("BOP") has chosen to artificially cap his credits at 365 days and to delay their application until the very

end of his sentence. This method is contrary to the statutory text, undermines congressional intent, and results in Petitioner's unlawful confinement for many months past his lawful release date.

Properly calculated, Petitioner's release date should have already been advanced to September 2025, when he became statutorily eligible for community custody placement through the combined effect of his FSA credits, Good Conduct Time, and Second Chance Act eligibility. By ignoring this statutory framework and its own published directives requiring the use of Conditional Placement Dates, the BOP has extended Petitioner's imprisonment well beyond what the law allows. This continued confinement violates 18 U.S.C. §§ 3585, 3624, and 3632, and warrants habeas relief under 28 U.S.C. § 2241.

## II. Custody

Petitioner is currently in the lawful physical custody of the Federal Bureau of Prisons and is confined at the Federal Correctional Institution McKean ("FCI McKean") in Bradford, Pennsylvania. Because FCI McKean lies within the territorial jurisdiction of this Court, jurisdiction is proper under 28 U.S.C. § 2241(c)(3).

## III. Jurisdiction

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 2241(c)(3), which authorizes federal courts to grant habeas relief to a prisoner who is "in custody in violation

of the Constitution or laws or treaties of the United States." Because Petitioner challenges the manner in which the Bureau of Prisons is executing his sentence—specifically its failure to properly calculate and apply earned time credits under the First Step Act—§ 2241 is the proper vehicle for relief. Jurisdiction lies in this Court because Petitioner is confined at FCI McKean, which is located within the Western District of Pennsylvania.

## IV. Parties

- **Petitioner:** Luis Ruvalcaba, Register Number 66226-112, currently incarcerated at FCI McKean, P.O. Box 800, Bradford, Pennsylvania 16701.

- **Respondents:** Warden of FCI McKean, who has immediate custody over Petitioner.

## V. Statement of Facts

1. Petitioner was arrested on September 12, 2018, and later convicted in *United States v. Mejia et al.*, No. 2:18-cr-00705-JAK (C.D. Cal.). On November 16, 2023, the Honorable John A. Kronstadt sentenced him to sixty (60) months' imprisonment, to be followed by a five (5) year term of supervised release.

2. The Court permitted Petitioner to self-surrender, and ordered him to report on January 9, 2024. This date marks the commencement of his Bureau of Prisons ("BOP") sentence under 18 U.S.C. § 3585(a).

3. With Good Conduct Time ("GCT") applied under 18 U.S.C. § 3624(b), Petitioner's baseline release date is April 9, 2028, meaning that he must serve approximately fifty-one (51) months in custody on his sixty-month sentence.

4. Petitioner has consistently participated in programs and productive activities authorized under the First Step Act ("FSA"). Because he has maintained a low PATTERN risk score, he earns fifteen (15) days of time credits for each month of participation. See 18 U.S.C. § 3632(d)(4). Over fifty-one (51) months of eligible programming, this results in seven hundred sixty-five (765) days of projected credits—equal to more than twenty-five (25) months.

5. Instead of applying these credits prospectively to Petitioner's Conditional Placement Date, as required by statute, the BOP caps FSA credits at three hundred sixty-five (365) days and withholds their application until the very end of the sentence. Using this improper method, the BOP currently projects Petitioner's release around June 2027.

6. Proper application of the statutory scheme, together with the BOP's own policy directives dated May 28, 2025, and June 17, 2025, requires that FSA credits be projected prospectively and stacked with credits available under the Second Chance Act ("SCA"). When calculated correctly, Petitioner's sentence is reduced as follows:

    o Baseline (with GCT): April 9, 2028.

    o Roll back 400 days of projected FSA time credits (RRC/home confinement): March 5, 2026.

- o  Roll back an additional 6 months of prerelease custody authorized by the SCA: September 5, 2025.

7. By statute, Petitioner should have been transferred to community custody as of September 2025. The BOP's refusal to apply his earned time credits in the manner required by 18 U.S.C. §§ 3624(c) and 3632(d)(4) results in his continued unlawful confinement at FCI McKean.

## VI. Grounds for Relief

1. **Violation of FSA Statutory Mandates**

    Congress directed that earned time credits *shall* be applied and that eligible prisoners *shall* transfer to prerelease custody. 18 U.S.C. § 3632(d)(4)(C); § 3624(g). The BOP has failed to apply Petitioner's earned credits toward prerelease placement, even though he has consistently participated in qualifying programs and accrued more than 765 days of credits. By refusing to honor these statutory commands, the BOP continues to confine Petitioner unlawfully.

2. **Improper Capping of Credits**

    The BOP imposes a 365-day cap on FSA credits, which directly contradicts the statutory framework. Congress authorized credits to accrue each month of eligible participation without any such limitation. Petitioner has earned approximately 765 days of credits, yet the BOP recognizes less than half of them. This artificial cap strips Petitioner of the full benefit of his programming and prolongs his confinement.

3. **Failure to Stack FSA and SCA Credits**

   Congress intended for earned time credits under the FSA to operate in conjunction with prerelease custody authorized under the Second Chance Act. BOP's own published directives require stacking these provisions to maximize community placement. In Petitioner's case, that means rolling back his baseline date from April 9, 2028, first by 400 days for FSA credits (March 5, 2026), and then by an additional six months of SCA prerelease custody (September 5, 2025). By failing to apply these statutes cumulatively, the BOP continues to detain Petitioner past his lawful prerelease date.

4. **Arbitrary and Capricious Action**

   The BOP's refusal to properly calculate and apply credits is arbitrary, capricious, and contrary to the statutes enacted by Congress. Rather than following 18 U.S.C. §§ 3624 and 3632, the agency has substituted its own convenience-driven policies, which ignore mandatory language, impose unauthorized limits, and defeat congressional intent. As applied to Petitioner, this results in months of unlawful imprisonment.

---

## VII. Prayer for Relief

Petitioner respectfully requests that this Court grant the writ of habeas corpus and provide the following relief:

1. Order the Bureau of Prisons to immediately and accurately recalculate Petitioner's sentence in accordance with 18 U.S.C. §§ 3585, 3624, and 3632;

2. Apply all projected First Step Act time credits together with Good Conduct Time and Second Chance Act authority, as Congress directed;

3. Direct Petitioner's immediate transfer to community custody, including Residential Reentry Center or home confinement, consistent with his statutory eligibility; and

4. Award such other and further relief as this Court deems just and proper.

---

## VIII. Verification

I, Luis Ruvalcaba, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing petition is true and correct to the best of my knowledge and belief.

Executed on this 2 day of October, 2025.

Respectfully submitted,

*/s/ Luis Ruvalcaba*

Luis Ruvalcaba
Reg. No. 66226-112
FCI McKean
P.O. Box 800
Bradford, PA 16701

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA